■ MEGHAN BYRNE, an Infant, by Her Parent and Natural Guardian, MICHAEL BYRNE, et al., Respondents, v WESTCHESTER COUNTY, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Gagliardi, J.H.O.), dated January 26, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant-plaintiff was injured while skating at an ice skating rink operated by the defendant, and claims that the defendant is liable to her on the basis of its having failed to properly maintain the condition of the rink's ice where the accident occurred. However, the infant-plaintiff's own testimony reveals that she had actual knowledge of the existence of the defect in the surface of the ice which she alleges now to have been the cause of the accident, and that this knowledge did not deter her from continuing to skate. Under these circumstances, the doctrine of assumption of the risk warrants the granting of judgment in favor of the defendant *(see, e.g., Melko v Town of Islip,* 172 AD2d 729; *Hoffman v City of New York,* 172 AD2d 716; *cf., Henig v Hofstra Univ.,* 160 AD2d 761). We also note that there is no proof that the defendant had any prior notice of the existence of any defect in the surface of its skating rink *(see generally, Gordon v American Museum of Natural History,* 67 NY2d 836; *Shildkrout v Board of Educ.,* 173 AD2d 603; *Scirica v Ariola Pastry Shop,* 171 AD2d 859; *Torri v Big V,* 147 AD2d 743). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.