■ Robert Giaimo et al., Appellants, v Roller Derby Skate Corp. et al., Defendants, and Town of Hempstead, Respondent. [650 NYS2d 791] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Franco, J.), entered October 16, 1995, which is in favor of the defendant Town of Hempstead dismissing the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

The Supreme Court dismissed the complaint against the defendant Town of Hempstead pursuant to CPLR 3216 based on a cross motion by the defendant Roller Derby Skate Corp., which was subsequently withdrawn. Assuming, arguendo, that the Town properly joined in the motion pursuant to CPLR 3216, we conclude that it was not entitled to dismissal of the complaint on that ground. The Supreme Court order which purportedly served as the requisite 90-day demand pursuant to CPLR 3216 (b) (3) did not contain language indicating that it would serve as the basis for a notice to dismiss (see, Chase v Scavuzzo, 87 NY2d 228, 230; Ameropan Realty Corp. v Rangeley Lakes Corp., 222 AD2d 631; cf., Longacre Corp. v Better Hosp. Equip. Corp., 228 AD2d 653), and the Town did not serve the 90-day demand upon the plaintiffs (see, Ubriaco v Mather Mem. Hosp., 209 AD2d 404).

In view of its determination to dismiss the complaint pursuant to CPLR 3126, the Supreme Court denied the Town's motion for summary judgment dismissing the complaint as academic. This Court, however, may consider the merits of the Town's motion for summary judgment as an alternative ground for dismissal of the complaint, even though the Town did not appeal (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539; see also, Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106).

We conclude that the Town established its entitlement to

summary judgment. The plaintiff Robert Giaimo alleged that he was injured when he fell while ice skating at a rink owned by the Town. At his deposition, the injured plaintiff stated that he was not aware of any particular defect in the ice which caused him to fall. Prior to his accident, he noticed that the corners of the rink had ice shavings and appeared "worn" but he did not consider the ice surface to be hazardous. He further suggested that a defect in his skate may have caused his accident.

A participant in a sport or athletic endeavor is deemed to have consented to assume the risks which are known, apparent or reasonably foreseeable consequences of such participation *(see, Turcotte v Fell,* 68 NY2d 432; *Cuesta v Immaculate Conception R. C. Church,* 168 AD2d 411). Here, the risk of the injury suffered by the injured plaintiff was obvious, and the Town satisfied its duty of care to make the conditions as safe as they appeared to be *(see, e.g., Cardoza v Village of Freeport,* 205 AD2d 571; *Byrne v Westchester County,* 178 AD2d 575). We note that the conclusions of the plaintiffs' purported expert as to the cause of the injury were not based on the facts regarding the condition of the ice testified to by the injured plaintiff and constituted inadmissible speculation *(see, Neidert v Austin S. Edgar, Inc.,* 204 AD2d 1030). Accordingly, we conclude that the complaint insofar as asserted against the Town was properly dismissed. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.