■ PATRICIA SCHUERING, Appellant, v ELIZABETH STELLA et al., Respondents. [663 NYS2d 232] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much an order of the Supreme Court, Nassau County (Franco, J.), dated October 2, 1996, as, in effect, denied that branch of her motion which was for leave to serve a late note of issue, and *sua sponte* dismissed the complaint for lack of prosecution, and (2) from an order of the same court, dated January 14, 1997, which denied her motion for reargument.

Ordered that the appeal from the order dated January 14, 1997, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 2, 1996, is reversed insofar as appealed from, on the law, without costs or disbursements, the complaint is reinstated, and that branch of the plaintiff's motion which was for leave to serve a late note of issue is granted.

CPLR 3216 permits a court to dismiss an action for want of

prosecution only after the court or the defendant has served the plaintiff with a written demand to resume prosecution of the action and to file a note of issue within 90 days after receipt of the demand. The notice must also advise the plaintiff that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a legislative creation and not part of a court's inherent power, the failure to serve a written demand that conforms to the provisions of CPLR 3216 is a failure of a condition precedent to dismissal of the action (*see, Airmount Homes v Town of Ramapo,* 69 NY2d 901). The Supreme Court's order dated June 7, 1993, cannot be deemed a notice pursuant to CPLR 3216 because it did not conform to the provisions of that statute. Since a proper notice was not served upon the plaintiff, the Supreme Court was not authorized to dismiss the action pursuant to CPLR 3216 (*see, Giaimo v Roller Derby Skate Corp.,* 234 AD2d 340; *Ameropan Realty Corp. v Rangeley Lakes Corp.,* 222 AD2d 631; *cf., Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653). In addition, since the plaintiff demonstrated a meritorious cause of action and a reasonable excuse for her failure to file a note of issue, her motion to serve a late note of issue should have been granted (*cf., Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.