■ ANDREW BOLAND et al., Respondents, v JOHN BIORDI, Defendant and Third-Party Plaintiff-Appellant. ROGER BAIM et al., Third-Party Defendants-Appellants. [722 NYS2d 400] —In an action to recover damages for medical malpractice, etc., the defendant third-party plaintiff and the third-party defendants separately appeal from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated May 13, 2000, which denied their respective motions pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute based on the plaintiffs failure to comply with a prior order of the same court dated November 5, 1999, and (2) an order of the same court, dated September 19, 2000, which denied their separate motions pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute

based on the plaintiffs' failure to serve and file a note of issue in accordance with the order dated May 13, 2000.

Ordered that the orders are affirmed, with one bill of costs.

Under the circumstances, the order of the Supreme Court dated November 5, 1999, four months after issue was joined in the third-party action, and shortly after the third-party defendants served the plaintiffs with extensive disclosure demands, did not constitute a valid 90-day notice pursuant to CPLR 3216 (*see, Schuering v Stella,* 243 AD2d 623; *cf., Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653). Furthermore, the order dated May 13, 2000, extending the plaintiffs' time to serve and file a note of issue was not based upon a valid 90-day notice. Therefore, the plaintiffs' failure to comply with that order did not require dismissal (*see, Schuering v Stella, supra*). Altman, J. P., Goldstein, Florio and Luciano, JJ., concur.