■ DORON ZANANI, Appellant, v PAUL SAVAD et al., Respondents. [728 NYS2d 714] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 17, 2000, which denied his motion to restore the action and to place it on the trial calendar.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the motion which was to restore the action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for consideration on the merits,

of that branch of the motion which was to place the action on the trial calendar.

Prior to being placed on the trial calendar, the instant action was marked off after being placed on a special "purge" calendar, and thereafter, dismissed pursuant to CPLR 3404. Upon learning that the action had been dismissed, the plaintiff moved, *inter alia*, to restore the action and to place the action on the trial calendar. The court denied the motion and the plaintiff appeals.

"CPLR 3404 should be reserved strictly for cases that have reached the trial calendar" (*Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 199). Since the instant action was never on the trial calendar when it was dismissed pursuant to CPLR 3404, the Supreme Court erred in denying that branch of the plaintiff's motion which was to restore the action (*see, Lopez v Imperial Delivery Serv., supra*). The matter is remitted to the Supreme Court for consideration of that branch of the plaintiff's motion which was to place the action on the trial calendar. Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.