■ JAN WASILEWICZ, Appellant, v VILLAGE OF MONROE POLICE DEPARTMENT et al., Respondents. [734 NYS2d 81] —In an action, *inter alia,* to recover damages for false arrest and mali-

cious prosecution, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 14, 2001, which denied his motion to restore the action.

Ordered that the order is reversed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, and the action is restored.

The plaintiff commenced this action in 1996, and, in November 1999, the Supreme Court scheduled a status conference for December. Although discovery was substantially completed at that point, the note of issue had not yet been filed. The status conference was adjourned, and the court re-scheduled the conference for January 10, 2000. The plaintiff's counsel apparently never received notice of the newly-scheduled date and failed to appear, and the Supreme Court struck the action. On January 4, 2001, the plaintiff moved to restore the action. The Supreme Court denied the motion, finding that the plaintiff failed to offer evidence that the claim was meritorious.

The Supreme Court should not have marked the case "off" based upon the plaintiff's failure to attend a status conference, since CPLR 3404 should not be applied to pre-note of issue cases (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190). The Supreme Court could have issued an order dismissing the action in its entirety based upon the plaintiff's failure to appear for the pre-note of issue conference, pursuant to 22 NYCRR 202.27 (c), in which case the plaintiff would have been required to move to vacate the default within one year, and offer both a reasonable excuse for the default and demonstrate the existence of a meritorious claim (*see, Lopez v Imperial Delivery Serv., supra*). However, since the Supreme Court improperly marked the case "off" pursuant to CPLR 3404, the motion to restore the action should have been granted (*see, Zanani v Savad,* 286 AD2d 386).

Furthermore, we note that the plaintiff's motion to restore the action was made within one year after the case was marked "off." Therefore, even if this case had been on the trial calendar, and CPLR 3404 had been properly applied to mark it "off," the plaintiff would have been entitled to restoration, without the necessity of demonstrating a reasonable excuse or a meritorious action (*see, Basetti v Nour,* 287 AD2d 126). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.