■ EDUARDO HERNANDEZ, Respondent, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. PIERRE HOTEL, Third-Party Defendant-Appellant. [736 NYS2d 604] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 16, 2000, which granted the plaintiff's motion to restore the action to the trial calendar and denied its cross motion for summary judgment dismissing the complaint, and the third-party defendant separately appeals, as limited by its brief, from so much of the order as granted the plaintiff's motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the appellants' contentions, the plaintiff was not required to demonstrate the elements necessary to restore an action to the trial calendar established under CPLR 3404 (*see generally, Basetti v Nour,* 287 AD2d 126). We agree with the Supreme Court that the evidence demonstrated that the case in fact was not marked off, struck from the calendar, or unanswered on a clerk's calendar call. Rather, the evidence indicated that the case was marked discontinued as a result of a clerk's error. Thus, the case was not subject to the provisions of CPLR 3404, and the Supreme Court properly granted the plaintiff's motion and restored the action to its prior place on the calendar.

In addition, the Supreme Court properly denied the belated motion of the appellant City of New York for summary judgment (*see,* CPLR 3212 [a]; *Neves v Port Auth. of N.Y. & N.J.,* 265 AD2d 393, 394). Ritter, Acting P.J., Feuerstein, Goldstein, Friedmann and Crane, JJ., concur.