■ MICHAEL MURRAY et al., Appellants, v T.W. SMITH CORPORATION, Defendant and Third-Party Plaintiff-Respondent. ESAB GROUP, INC., Doing Business as L-TEC WELDING & CUTTING SYSTEMS, INC., Third-Party Defendant-Respondent; LENCO, INC., et al., Third-Party Defendants. [744 NYS2d 901] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 31, 2001, which denied their motion to restore the action to the calendar and granted the separate cross motions of the third-party defendant and second third-party plaintiff, ESAB Group, Inc., doing business as L-Tec Welding & Cutting Systems, Inc., and the defendant first and third third-party plaintiff, T.W. Smith Corporation, to dismiss the complaint.

Ordered that the order is reversed, on the law, with one bill

of costs, the motion is granted, the cross motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The order appealed from contains no explanation for denying the plaintiffs' motion to restore this action to the calendar and granting the separate cross motions of ESAB Group, Inc., doing business as L-Tec Welding & Cutting Systems, Inc. (hereinafter ESAB), and T.W. Smith Corporation to dismiss the complaint. In addition, the record is not clear as to why the action was "marked off" on March 8, 2001. The record is devoid of any evidence that there was a conference scheduled for March 8, 2001, and the Supreme Court did not dismiss the complaint on that date based upon a default in appearing at a scheduled conference, as is contemplated by the court rule authorizing such a dismissal (see 22 NYCRR 202.27). Accordingly, under the circumstances of this case, to the extent 22 NYCRR 202.27 provided the basis for the Supreme Court's order, it was error to deny the motion to restore the action and to grant those branches of the cross motions which were to dismiss the complaint under the guise of 22 NYCRR 202.27 (b) (compare Hernandez v City of New York, 290 AD2d 416).

Moreover, to the extent the Supreme Court's mark off and dismissal of the complaint were predicated on CPLR 3404, the order must be reversed. It is undisputed that there was no note of issue filed in this action. Since it is now well settled that CPLR 3404 may not be applied to pre-note of issue cases (see Wasilewicz v Village of Monroe Police Dept., 288 AD2d 377, 378; Zanani v Savad, 286 AD2d 386, 387; Lopez v Imperial Delivery Serv., 282 AD2d 190, 198-199), the Supreme Court should have denied those branches of the cross motions which were to dismiss the action pursuant to CPLR 3404 (see London v Iceland Inc., 288 AD2d 355; Davila v Galarza, 221 AD2d 308; cf. Georgetown Mews Owners Corp. v Campus Assoc., 283 AD2d 608).

Furthermore, the Supreme Court should have granted the plaintiffs' motion to restore without requiring them to meet the standards applicable to a party seeking to restore an action to the trial calendar after it has been dismissed pursuant to CPLR 3404, since there was no authority to mark it off in the first place (see Cioffi v Kennedy, 284 AD2d 491, 492; see also Wasilewicz v Village of Monroe Police Dept., supra at 378; Zanani v Savad, supra at 387).

The Supreme Court also erred to the extent its dismissal is based upon CPLR 3216 for the plaintiffs' failure to timely file the note of issue. The failure to comply with a court order

directing the filing of a note of issue and certificate of readiness can, in the proper circumstances, provide the basis for a dismissal of a complaint under CPLR 3216 (*see Halali v Evanston Ins. Co.,* 288 AD2d 260, 261). However, courts are prohibited from dismissing an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met (*see Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 502-503; *Schwartz v Nathanson,* 261 AD2d 527, 528; *Schuering v Stella,* 243 AD2d 623, 624; *Giaimo v Roller Derby Skate Corp.,* 234 AD2d 340; *Ameropan Realty Corp. v Rangeley Lakes Corp.,* 222 AD2d 631, 632).

The Supreme Court's order dated November 22, 2000 merely set a date for the filing of the note of issue on or before February 23, 2001. Although this happened to be a 90-day period, there is no indication in the order that the plaintiffs' complaint would be subject to dismissal if they failed to comply with this provision. Thus, contrary to the defendants' arguments, the Supreme Court's order dated November 22, 2000 cannot be deemed a 90-day demand since it does not conform to the provisions of CPLR 3216 (*see Chase v Scavuzzo,* 87 NY2d 228, 230, 233; *Halali v Evanston Ins. Co., supra* at 261; *Pickens v St. John's Hosp.,* 248 AD2d 693; *Giaimo v Roller Derby Skate Corp., supra; Ameropan Realty Corp. v Rangeley Lakes Corp., supra* at 632; *cf. Flomenhaft v Baron,* 281 AD2d 389, 390; *Seletsky v St. Francis Hosp.,* 263 AD2d 452, 453; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653, 654). Since no proper notice was served upon the plaintiffs, the Supreme Court was not authorized to dismiss the action pursuant to CPLR 3216 (*see Schuering v Stella, supra* at 624; *Ameropan Realty Corp. v Rangeley Lakes Corp., supra* at 632; *Johnson v Minskoff & Sons,* 287 AD2d 233).

Finally, given the preference for deciding matters on their merits (*see Halali v Evanston Ins. Co., supra* at 262), the action should be restored, and the matter is remitted to the Supreme Court, Kings County, for further proceedings. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.