SECOND DEPARTMENT, FEBRUARY, 2003

(February 3, 2003)

■ BILL AKPINAR, Respondent, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant. [753 NYS2d 889] —In an action for a judgment declaring that the plaintiff is disabled and that the defendant is obligated to pay disability benefits pursuant to a policy of insurance issued by it to the plaintiff, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated November 7, 2001, which, inter alia, granted that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216.

Ordered that the order is affirmed, with costs.

The preliminary conference order in this case directed the plaintiff to file a note of issue on or before September 25, 1999. Apparently, the action was dismissed when the plaintiff failed to do so. The plaintiff then moved, among other things, in effect, to vacate the dismissal. The Supreme Court granted the motion to the extent of restoring the action to "the active calendar" and extending the plaintiff's time to file a note of issue, indicating that the case had been placed on "the inactive calendar" when the plaintiff failed to file a note of issue.

The record is unclear as to whether this action was dismissed or purportedly "marked off" the active calendar when the plaintiff failed to file a note of issue. If the action was dismissed pursuant to CPLR 3216, such dismissal was improper. A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met (*see Murray v Smith Corp.,* 296 AD2d 445, 447). Here, the preliminary conference order merely set a date for the filing of a note of issue and cannot be deemed a 90-day demand since it does not satisfy the statutory preconditions (*see Murray v Smith Corp., supra*). In any event, even if the action was properly dismissed, the plaintiff established a reasonable excuse for failing to file a note of issue and the existence of a

meritorious cause of action (*see* CPLR 3216 [e]; *cf. Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503).

To the extent that the case may have been removed from active status, such action is equivalent to marking off a pre-note of issue case, a practice which is not permitted (*see Johnson v Brooklyn Hosp. Ctr.,* 295 AD2d 567; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190).

Consequently, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action and properly extended the plaintiff's time to file a note of issue. Altman, J.P., Smith, McGinity and Townes, JJ., concur.