■ JANET BEEPAT et al., Appellants, v RICHARD R. JAMES et al., Respondents. [755 NYS2d 649] —In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Milano, J.), dated July 20, 2001, which denied their motion to vacate an or-

der of the same court dated May 19, 2000, which, sua sponte, dismissed the complaint for failure to timely file a note of issue.

Ordered that the order dated July 20, 2001, is reversed, on the law, with one bill of costs, the motion is granted, the order dated May 19, 2000, is vacated, and the complaint is reinstated.

The Supreme Court's order dated December 7, 1999, cannot be deemed a 90-day demand since it gave the plaintiffs only 87 days within which to file the note of issue. The failure of the order to conform to the provisions of CPLR 3216 constitutes a failure of a condition precedent to dismissal of the complaint (see Schuering v Stella, 243 AD2d 623, 624 [1997]). Since no proper notice was served upon the plaintiffs, the Supreme Court was not authorized to dismiss the complaint pursuant to CPLR 3216 (see Chase v Scavuzzo, 87 NY2d 228, 230, 233 [1995]; Halali v Evanston Ins. Co., 288 AD2d 260, 261 [2001]; Schwartz v Nathanson, 261 AD2d 527, 528 [1999]; Ameropan Realty Corp. v Rangeley Lakes Corp., 222 AD2d 631, 632 [1995]; cf. Flomenhaft v Baron, 281 AD2d 389, 390 [2001]; Seletsky v St. Francis Hosp., 263 AD2d 452, 453 [1999]; Safina v Queens-Long Is. Med. Group, 238 AD2d 395 [1997]; Longacre Corp. v Better Hosp. Equip. Corp., 228 AD2d 653, 654 [1996]). Therefore, the plaintiffs' motion to vacate the order of dismissal should have been granted.

Contrary to the defendants' contentions, this issue may be raised for the first time on appeal because it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (see Weiner v MKVII-Westchester, 292 AD2d 597, 598 [2002]; Lopez v Robbins, 269 AD2d 364, 365 [2000]; Block v Magee, 146 AD2d 730, 732 [1989]).

The parties' remaining contentions are without merit. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.