■ Jennifer Guss, Respondent, v Oheka Management, Inc., et al., Appellants. (And a Third-Party Action.) [759 NYS2d 763] —In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court (Henry, J.), dated May 16, 2002, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with costs, the motions are granted, and the complaint is dismissed.

The plaintiff allegedly sustained personal injuries on a water slide at a private party, which was catered by the defendant Oheka Castle Catering, Inc., and held on the grounds of the Oheka Castle in Cold Spring Hills, a facility leased and managed by the defendant Oheka Management, Inc. Although the plaintiff used the water slide at the party twice without incident, after going down the slide a third time, she was not able to get off it before someone else slid down and hit her. She admitted that before she used the slide, she knew that no one

was supervising the activity or otherwise ensuring that other users of the slide were spaced a sufficient distance apart.

Under the circumstances presented, we conclude that the defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff assumed the risk of her injury by her knowing and voluntary participation in the activity (*see Lo Piccolo v Town of Oyster Bay Dept. of Parks,* 260 AD2d 606 [1999]; *Giaimo v Roller Derby Skate Corp.,* 234 AD2d 340 [1996]; *Byrne v Westchester County,* 178 AD2d 575 [1991]). In opposition, the plaintiff did not raise a triable issue of fact as to the existence of a concealed or unreasonably increased risk. Accordingly, the defendants were entitled to summary judgment.

In light of our determination, we do not consider the parties' remaining contentions. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.