■ JOHN P. SHERRY, Appellant, v HELEN C. SHERRY, Respondent. [760 NYS2d 879] —In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Shapiro, J.), entered November 27, 2001, which, in effect, denied his motion to restore the action to active status, dismissed the action, and provided that he could move to restore the action on the written consent of the defendant, and (2), as limited by his brief, from so much of an order of the same court dated January 3, 2002, as denied his motion for leave to reargue and renew.

Ordered that the order entered November 27, 2001, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated January 3, 2002, as denied the branch of the motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated January 3, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

This case was removed from the active trial calendar after the parties' attorneys informed the Supreme Court that it had been settled. More than one year elapsed before the plaintiff moved to restore the case to active status. The plaintiff informed the Supreme Court that, contrary to earlier representations, the case, in fact, had not been settled. The plaintiff's motion was not supported by any proof tending to establish any excuse for the delay of over one year. The Supreme Court providently exercised its discretion in denying the motion (*see* CPLR 3216, 3404; *Dalto v 3660 Park Wantagh Owners,* 275 AD2d 296 [2000]; *cf. Hernandez v City of New York,* 290 AD2d 416 [2002]).

The plaintiff's subsequent motion, insofar as it was for leave to renew, was properly denied, as the plaintiff provided no reasonable justification for his failure to set forth a complete set of facts in connection with his original motion (*see* CPLR 2221 [e]). Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.