■ VICTOR M. VASQUEZ, Appellant, v BIG APPLE CONSTRUCTION CORPORATION et al., Respondents. [762 NYS2d 254] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated May 3, 2002, which denied his motion to vacate the dismissal of the action pursuant to CPLR 3216.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The demand attached to the Supreme Court's compliance conference order dated June 15, 2000, cannot be deemed a 90-day demand pursuant to CPLR 3216 because it gave the plaintiff only 85 days within which to file the note of issue. The Supreme Court was not authorized to dismiss the action on its own motion, since the demand failed to comply with a condition precedent to dismissal (*see Beepat v James,* 303 AD2d 345 [2003]; *Halali v Evanston Ins. Co.,* 288 AD2d 260, 261 [2001]; *Schwartz v Nathanson,* 261 AD2d 527, 528 [1999]; *Schuering v Stella,* 243 AD2d 623, 624 [1997]). Accordingly, the plaintiff's motion to vacate the dismissal should have been granted.

Contrary to the respondent's contentions, this issue may be raised for the first time on appeal (*see Beepat v James, supra; Weiner v MKVII-Westchester,* 292 AD2d 597, 598 [2002]). Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.