■ DANIEL O'CONNELL, Respondent, v CITY WIDE AUTO LEASING, INC., et al., Appellants. [775 NYS2d 543]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 28, 2003, as granted the plaintiff's motion to restore the case to the active calendar and to extend the time to file a note of issue.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record is unclear as to whether this action was dismissed or purportedly "marked off" the active calendar when the plaintiff failed to appear at a compliance conference on January 23, 2001. If the action was dismissed pursuant to CPLR 3216, such dismissal was improper. A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met (*see Murray v Smith Corp.,* 296 AD2d 445, 447 [2002]). Here, the compliance conference order merely set a date for the filing of a note of issue and failed, inter alia, to advise the plaintiff that the failure to comply with the demand would serve as the basis for a motion to dismiss the action. Accordingly, the compliance conference order could not be deemed a 90-day demand (*see Akpinar v John Hancock Mut. Life Ins. Co.,* 302 AD2d 337 [2003]; *Murray v Smith Corp., supra; Boland v Biordi,* 282 AD2d 421 [2001]; *Schuering v Stella,* 243 AD2d 623 [1997]).

To the extent that the case may have been removed from active status, such action is equivalent to marking "off" a prenote of issue case, a practice which is not permitted (*see Hemberger v Jamaica Hosp.,* 306 AD2d 244 [2003]; *Akpinar v John Hancock Mut. Life Ins. Co., supra; Murray v Smith Corp., supra; Lopez v Imperial Delivery Serv.,* 282 AD2d 190 [2001]).

Accordingly, the Supreme Court properly granted the plaintiff's motion to restore the action to the active calendar and to extend the time to file a note of issue. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.