■ NORTHPARK ASSOCIATES, L.P., Respondent-Appellant, v S.H.C. MERGERS, INC., Formerly Known as WESTCON SERVICES CORPORATION, et al., Defendants, and WESTCON, INC., Appellant-Respondent. [779 NYS2d 549]—

In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside certain transfers as fraudulent, the defendant Westcon, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 22, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from stated portions of the same order which, inter alia, denied those branches of its cross motion which were, in effect, for summary judgment on the issue of liability on its first cause of action insofar as asserted against the defendant Westcon, Inc., and to consolidate this action with another action entitled *Northpark Assoc. v Westcon, Inc.*, pending in the Supreme Court, Westchester County, under Index No. 18844/01.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's cross motion which was to consolidate this action with another action entitled *Northpark Assoc. v Westcon, Inc.,* pending in the Supreme Court, Westchester County, under Index No. 18844/01 is dismissed as academic (*see Northpark Assoc. v Westcon, Inc.,* 8 AD3d 644 [2004] [decided herewith]).

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court denied the parties' respective motion and cross motion because the case had been "marked off" the calendar. "CPLR 3404 should be reserved strictly for cases that have reached the trial calendar" (*Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 199 [2001]; *see Zanani v Savad,* 286 AD2d 386, 387 [2001]). If, as here, a note of issue has not been filed, it is improper to mark the case off the calendar (*see Mandelli v 10 Park Ave. Tenants Corp.,* 295 AD2d 577 [2002]). However, the motion of the defendant Westcon, Inc. (hereinafter Westcon), for summary judgment dismissing the complaint insofar as asserted against it and that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability on its first cause of action insofar as asserted against Westcon were, nevertheless, properly denied.

The plaintiff commenced this action, inter alia, to set aside the transfer of certain money from the defendant S.H.C. Mergers, Inc. (hereinafter SHC), to Westcon which was made while SHC was insolvent and a judgment debtor of the plaintiff. In its first cause of action, the plaintiff alleged that the transfer was a fraudulent conveyance in violation of, inter alia, Debtor and Creditor Law §§ 273 and 273-a. Westcon, the parent corporation of SHC and its sole shareholder at the time of the transfer, contends that it was a secured creditor of SHC and the transfer was made in payment of an antecedent debt.

Debtor and Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will thereby be rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Section 273-a provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

The issue in this case is whether there was fair consideration

for the transfer. Good faith satisfaction of an antecedent debt constitutes fair consideration (*see* Debtor and Creditor Law § 272). Under the circumstances of this case, there are questions of fact, inter alia, as to whether the transfer was made in good faith, given its timing and the status of Westcon as the parent corporation and sole shareholder of SHC (*see Rebh v Rotterdam Ventures*, 252 AD2d 609 [1998]; *cf. Farm Stores v School Feeding Corp.,* 102 AD2d 249 [1984], *affd* 64 NY2d 1065 [1985]).

The parties' remaining contentions are without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.