■ NORTHPARK ASSOCIATES, L.P., Respondent-Appellant, v WESTCON, INC., et al., Appellants-Respondents. [779 NYS2d 780]—

In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside certain transfers as fraudulent, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 22, 2002, as denied the motion of the defendants Westcon, Inc., Westcon Group, Inc., Business Operation Services Corporation, Roman Michalowski, Bozena Michalowski, Rosemarie Dubrowsky, Jean M. Raffiani, Philip Raffiani, Thomas Dolan, and John F. Roth to dismiss the complaint pursuant to CPLR 3211 (a) (4) insofar as asserted against them, or alternatively, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from stated portions of the same order which, inter alia, denied those branches of its cross motion which were, in effect, for summary judgment on the issue of liability on its first cause of action insofar as asserted against the defendant Westcon, Inc., and to consolidate this action with another action entitled *Northpark Assoc. v S.H.C. Mergers,* pending in the Supreme Court, Westchester County, under Index No. 18563/00.

Ordered that the appeals by the defendants Logical U.S. Holdings, Inc., formerly known as Pegasus Technology Partners, Inc., Rapid Infusion, Inc., and Technology Education Network, Inc., are dismissed, without costs or disbursements, as those defendants are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the facts, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to consolidate this action with another action entitled *Northpark Assoc. v S.H.C. Mergers,* pending in the

Supreme Court, Westchester County, under Index No. 18563/00, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We agree with the determination of the Supreme Court denying the motion of the defendants Westcon, Inc., Westcon Group, Inc., Business Operation Services Corporation, Roman Michalowski, Bozena Michalowski, Rosemarie Dubrowsky, Jean M. Raffiani, Philip Raffiani, Thomas Dolan, and John F. Roth (hereinafter the appellants) to dismiss the complaint pursuant to CPLR 3211 (a) (4) insofar as asserted against them, but for a different reason. The Supreme Court improperly denied the motion to dismiss on the ground of another action pending because the prior action had been "marked off" the calendar (*see Northpark Assoc. v S.H.C. Mergers,* 8 AD3d 642 [2004] [decided herewith]). The motion was, nevertheless, properly denied. Under the circumstances of this case, consolidation of the actions rather than dismissal of the prior pending action is appropriate (*see* CPLR 3211 [a] [4]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:19). Therefore, the court should have granted that branch of the plaintiff's cross motion which was to consolidate the actions (*see* CPLR 602 [a]).

The Supreme Court properly denied the appellants' alternate request for summary judgment dismissing the complaint insofar as asserted against them and that branch of the plaintiff's cross motion which was, in effect, for summary judgment on the issue of liability on its first cause of action insofar as asserted against the defendant Westcon, Inc. (*see Northpark Assoc. v S.H.C. Mergers, supra*).

The parties' remaining contentions are without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.