■ ANNA DELGADO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [801 NYS2d 43]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated September 10, 2004, which granted the plaintiff's motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the calendar, and for leave to file a note of issue, and denied its cross motion pursuant to CPLR 3216 to dismiss the action.

Ordered that the order is affirmed, with costs.

A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 502-503 [1997]; Akpinar v John Hancock Mut. Life Ins. Co., 302 AD2d 337 [2003]; Murray v Smith Corp., 296 AD2d 445, 447 [2002]; Schwartz v Nathanson, 261 AD2d 527 [1999]). The compliance conference order dated January 7, 2003, could not be deemed a 90-day demand pursuant to CPLR 3216 because it gave the plaintiff only 87 days within which to file the note of issue (see Vasquez v Big Apple Constr. Corp., 306 AD2d 465 [2003]; Beepat v James, 303 AD2d 345 [2003]; Halali v Evanston Ins. Co., 288 AD2d 260, 261 [2001]). Furthermore, the subsequent so-ordered stipulation between the parties dated December 19, 2003, which extended the plaintiff's deadline for filing a note of issue until February 16, 2004, was also insufficient to constitute a 90-day demand since it did not provide the required 90-day notice and it failed to advise the plaintiff that the failure to comply with the demand would serve as the basis for a motion to dismiss the action (see O'Connell v City Wide Auto Leasing, 6 AD3d 682 [2004]; Akpinar v John Hancock Mut. Life Ins. Co., 302 AD2d 337 [2003]; Murray v Smith Corp., 296 AD2d 445 [2002]). Because the compliance conference order

and the so-ordered stipulation did not meet the statutory preconditions pursuant to CPLR 3216, there was a failure of a condition precedent, and the court was not authorized to dismiss the action on its own motion (*see Schwartz v Nathanson, supra; cf. Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]). Accordingly, the plaintiff's motion, in effect, to vacate the dismissal of the action was properly granted. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.