■ CONRADO BENITEZ, Appellant, v MUTUAL OF AMERICA LIFE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. GENERAL INDUSTRIAL SERVICE CORPORATION et al., Third-Party Defendants-Respondents. [808 NYS2d 698]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Grays, J.), entered February 25, 2004, which, upon an order of the same court dated November 28, 2003, denying his motion to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the active calendar, and to file a note of issue, dismissed the action.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contentions, the compliance conference order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]; *Werbin v Locicero*, 287 AD2d 617 [2001]). Having received a 90-day notice, the plaintiff was required to either timely file a note of issue or move, before the default date, for an extension of time pursuant to CPLR 2004 (*see Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *McKinney v Corby*, 295 AD2d 580, 581 [2002]). The plaintiff did neither, and the action was subsequently dismissed pursuant to CPLR 3216.

A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice and a meritorious cause of action (*see Sapir v Krause, Inc.*, 8 AD3d 356, 356-357 [2004]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). The plaintiff failed to offer a reasonable excuse for his lengthy delay after the 90-day notice in moving for leave to file a note of issue (*see Sapir v Krause, Inc., supra*). Accordingly, the plaintiff's motion was properly denied.

The dissent erroneously notes that this Court held in *Boland v Biordi* (282 AD2d 421 [2001]), that a Supreme Court order directing that a note of issue be filed did not constitute a valid 90-day notice on the *ground,* inter alia, that it was issued four

months after issue had been joined in the third-party action. This Court did note that fact by way of background, but an examination of the record in that case reveals that there, the purported 90-day notice was issued as of a date when disclosure was not completed (despite a contrary pre-printed statement in a form order containing the CPLR 3216 notice), and the Supreme Court so-ordered a handwritten stipulation on that same date providing that the plaintiffs had to respond to certain of the third-party defendants' discovery demands by a date certain, and that no note of issue could be filed prior to service of those responses. Under those circumstances, it was sensible to conclude that the purported 90-day notice was invalid inasmuch as on the same date it issued, another order issued essentially precluding the plaintiffs from complying with the 90-day notice until the subject disclosure was completed. The facts at bar are different. H. Miller, J.P., Mastro and Lifson, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from, grant the plaintiff's motion, deny the defendant's cross motion, and modify the order accordingly with the following memorandum, with which S. Miller, J., concurs: The instant action seeks damages for personal injuries allegedly sustained on October 5, 1993 when the plaintiff, an employee of the second third-party defendant, Safeway Environmental Corporation (hereinafter Safeway), performing asbestos removal at the defendant's premises, fell from a ladder. The action was commenced on or about December 12, 1994 against the owner of the premises, Mutual of America Life Insurance Company (hereinafter the defendant), alleging common-law negligence and violation of Labor Law §§ 200, 240, and 241 (1). Issue was joined in the main action on March 16, 1995. On March 6, 1996 the defendant commenced a third-party action against the third-party defendant General Industrial Service Corporation (hereinafter the third-party defendant) who in turn commenced a second third-party action on November 8, 1999 against Safeway.

On November 18, 1999 the plaintiff, the defendant, and the third-party defendant appeared at a compliance conference. The plaintiff asked that the newly-commenced second third-party action against Safeway be severed from the main action. Upon the objections of the defendant and the third-party defendant to severance, the plaintiff's application was denied. On November 19, 1999 the court issued a compliance conference order which directed the plaintiff to respond to certain discovery demands by December 2, 1999 and file a "note of issue/certificate of readiness on or before Feb. 18, 2000."

Issue was not joined in the second third-party action until December 22, 1999 when Safeway served an answer, a demand for a bill of particulars from the plaintiff and the defendant, and a demand for copies of all prior pleadings, insurance policies, and statements. A further deposition of the plaintiff scheduled for January 10, 2000 was adjourned to permit Safeway to review the materials.

On or about February 8, 2000 the defendant scheduled a physical examination of the plaintiff for March 16, 2000. The plaintiff was unable to keep this appointment on the ground that he was out of the country in Colombia and not expected to return until May 18, 2000. No attempt was made to reschedule the deposition or the physical examination. On February 8, 2002 the plaintiff attempted to file a note of issue and was informed that the court records reflected that the action had been "disposed" on the ground that the note of issue was due on March 10, 2000 and an "order to restore" was required.

The plaintiff moved to restore the action and the defendant cross-moved to dismiss pursuant to CPLR 3216 on the ground that the plaintiff failed to file a note of issue by February 18, 2000, the date set forth in the compliance conference order dated November 19, 1999. In opposition to the cross motion, the plaintiff argued that the compliance conference order did not constitute a valid demand for a note of issue on the ground that issue had not been joined in the second third-party action against Safeway. The Supreme Court denied the plaintiff's motion and granted the cross motion, holding that the compliance conference order constituted a valid demand for a note of issue and the plaintiff failed to give an adequate excuse for the delay.

Pursuant to CPLR 3216 (a), an action may be dismissed where a plaintiff delays in the prosecution of an action "against any party who may be liable to a separate judgment." Since the second third-party action had not been severed from the main action, the defendant could not be "liable to a separate judgment" (CPLR 3216 [a]) from any judgment disposing of the second third-party action (see Stevenson v Lazzari, 16 AD3d 576 [2005]; Bennett v Long Is. Light. Co., 262 AD2d 437 [1999]). Therefore, in determining the applicability of CPLR 3216 to the defendant in the main action, the status of the second third-party action must be considered.

CPLR 3216 (b) sets forth requirements which are to be construed as conditions precedent to dismissal (see Airmont Homes v Town of Ramapo, 69 NY2d 901 [1987]; O'Connell v City Wide Auto Leasing, 6 AD3d 682 [2004]). CPLR 3216 (b) states that "[n]o dismissal shall be directed" pursuant to that

section "and no court initiative shall be taken or motion made thereunder" unless issue has been joined in the action, one year has elapsed since the joinder of issue, and the plaintiff has failed to comply with a demand to serve and file a note of issue within 90 days after receipt of the demand.

The provisions of a conference order may have the same effect as a valid demand to serve and file a note of issue within 90 days (*see Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]; *Werbin v Locicero*, 287 AD2d 617 [2001]). However, "[a] court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (*O'Connell v City Wide Auto Leasing, supra* at 683). In the instant case, the compliance conference order directing the filing of a note of issue within 90 days was issued before issue was joined in the second third-party action, after the court refused to sever the second third-party action from the main action. Therefore, the statutory preconditions to dismissal set forth in CPLR 3216 (b) were not met.

In *Boland v Biordi* (282 AD2d 421, 422 [2001]) this Court explicitly found that an order of the Supreme Court dated "four months after issue was joined in the third-party action, and shortly after the third-party defendants served the plaintiffs with extensive disclosure demands, did not constitute a valid 90-day notice pursuant to CPLR 3216" (citing *Schuering v Stella*, 243 AD2d 623, 624 [1997]). *Schuering v Stella* (*supra* at 624) states that a court order "[which does] not conform to the provisions" of CPLR 3216 cannot be deemed a valid 90-day notice.

The majority seeks to distinguish *Boland v Biordi* (*supra*) based upon facts not cited in the decision. The record in *Boland v Biordi* (*supra*) indicates that the same day that the purported 90-day notice was issued, a so-ordered stipulation directed the plaintiffs to comply with certain outstanding discovery demands by a date certain within the 90-day period. Similarly, in the instant case, the plaintiff was directed to respond to certain discovery demands by a date certain within the 90-day period.

The majority asserts that *Boland v Biordi* (*supra*) is also distinguishable on the ground that the plaintiff was precluded from filing a note of issue until disclosure was completed. The Uniform Rules of the Trial Courts which are applicable to the instant case provide that a note of issue must be filed with a certificate of readiness stating that there are no outstanding discovery demands (*see* 22 NYCRR 202.21 [b]). The majority asserts, "it would be sensible to conclude" that a purported 90-

day notice was invalid on the ground that outstanding discovery precluded the filing of a note of issue and certificate of readiness. Likewise, in the instant case, ongoing discovery precluded the filing of a note of issue and certificate of readiness.

The alleged distinctions between the instant case and *Boland v Biordi* (*supra*) are either no distinctions at all or distinctions without a difference. Pursuant to the statutory language and principles of stare decisis, the compliance conference order issued in this case may not be deemed a valid 90-day notice.

Most importantly, the second third-party action was not severed from the main action and issue had not been joined in the second third-party action. Therefore the statutory preconditions to dismissal set forth in CPLR 3216 (b) were not met.

The respondents' remaining contentions are without merit.

In view of the foregoing, the plaintiff's motion should have been granted and the cross motion denied.