■ ELLEN WOLLMAN, Respondent, v BRIAN BERLINER, Appellant. [816 NYS2d 127]—

In an action to recover damages for chiropractic malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated June 8, 2005, as granted those branches of the plaintiff's motion which were, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to "restore" the action to active status, and to extend her time to file a note of issue.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the compliance conference order dated March 10, 2004, cannot be deemed a 90-day demand pursuant to CPLR 3216 since it gave the plaintiff only 89 days within which to file the note of issue (*see Delgado v New York City Hous. Auth.,* 21 AD3d 522 [2005]; *Vasquez v Big Apple Constr. Corp.,* 306 AD2d 465 [2003]; *Beepat v James,* 303 AD2d 345 [2003]). Furthermore, the subsequent so-ordered stipulations between the parties which extended the plaintiff's deadline for filing a note of issue were also insufficient to constitute 90-day demands since they did not provide the required 90-day notice and failed to advise the plaintiff that the failure to comply with the demands would serve as the basis for a motion to dismiss the action (*see Delgado v New York City Hous. Auth., supra; O'Connell v City Wide Auto Leasing,* 6 AD3d 682 [2004]; *Akpinar v John Hancock Mut. Life Ins. Co.,* 302 AD2d 337 [2003]). Since the Supreme Court was not authorized to dismiss the action on its own motion pursuant to CPLR 3216 (*see Schwartz v Nathanson,* 261 AD2d 527 [1999]), the action was properly restored to active status. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.