■ CONRADO BENITEZ, Appellant, v MUTUAL OF AMERICA LIFE INSURANCE COMPANY, Respondent. [825 NYS2d 449]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered October 26, 2004, dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's personal injury action, commenced in Queens County in 1994, was dismissed for failure to comply with a compliance conference order containing a 90-day demand to file

a note of issue (CPLR 3216). Ten years later, plaintiff commenced this virtually identical action in New York County, and filed notices of appeal from the order and judgment dismissing the Queens action. The court dismissed this action on the ground that the Queens action was still alive, plaintiff at that moment having an appeal pending before the Appellate Division, Second Department, from the Queens dismissal for failure to prosecute. The motion court further noted that initiation of the New York County action, fully 11 years after the accident, ran afoul of the statute of limitations (CPLR 214 [5]); furthermore, the saving provision of CPLR 205 (a) specifically did not apply, by the terms of that statute, where the earlier dismissal was by reason of "neglect to prosecute." The Second Department has affirmed the Queens dismissal for failure to prosecute (24 AD3d 708 [2005], *appeal dismissed* 6 NY3d 844 [2006]), and we conclude that the instant action was untimely commenced. Defendant's request for sanctions is denied in the exercise of discretion. Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.