■ JADWIGA CHROSTOWSKI et al., Respondents, v DANIEL W. CHOW, Appellant. [830 NYS2d 333]—

In an action to recover damages for dental malpractice and lack of informed consent, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated January 20, 2006, as granted the plaintiffs' motion to vacate a prior order of the same court dated December 1, 2005, granting his unopposed motion to dismiss the complaint pursuant to CPLR 3216, and denied his cross motion to dismiss the complaint pursuant to CPLR 3126 and 22 NYCRR 202.27 (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

The compliance conference order dated February 26, 2004, inter alia, requiring the plaintiffs to file a note of issue on or before May 19, 2004, did not constitute a valid 90-day notice pursuant to CPLR 3216 because it required the filing of a note of issue within 82 days rather than 90 days. Therefore, the court was not authorized to dismiss the action pursuant to CPLR 3216 (*see Wollman v Berliner*, 29 AD3d 786 [2006]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522 [2005]; *Beepat v James*, 303 AD2d 345, 346 [2003]) and the court properly granted the plaintiffs' motion to vacate the order dismissing the complaint. Moreover, contrary to the defendant's contention, this issue can be raised for the first time on appeal because "it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture" (*Beepat v James, supra* at 346; *see Vasquez v Big Apple Constr. Corp.*, 306 AD2d 465 [2003]).

The court also properly denied that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3126, as the defendant failed to establish that the plaintiffs wilfully and contumaciously failed to comply with the compliance conference order or delayed the progress of discovery (*see Faulkner v City of New York*, 32 AD3d 452 [2006]; *Kuzmin v Visiting Nurse Serv. of N.Y.*, 22 AD3d 643, 643-644 [2005]; *Pascarelli v City of New York*, 16 AD3d 472 [2005]).

Moreover, where a plaintiff fails to appear at a scheduled call of a calendar or at a scheduled conference, 22 NYCRR 202.27 (b) authorizes, but does not require, the court to note the default and enter an order dismissing the action (*cf. Johnson v Brooklyn Hosp. Ctr.*, 295 AD2d 567, 569 [2002]). Here, the court providently exercised its discretion in denying that branch of the cross motion which was to dismiss the action pursuant to 22

NYCRR 202.27 (b), based on the plaintiffs' failure to appear on the return date of the defendant's motion to dismiss pursuant to CPLR 3216. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.