In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated June 1, 2012, as denied her motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the trial calendar, and extend the time to file a note of issue.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff’s motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the trial calendar, and extend the time to file a note of issue is granted.
The certification order dated March 2, 2010, did not constitute a valid 90-day demand pursuant to CPLR 3216 because it directed the plaintiff to file a note of issue within 70 days, rather than 90 days, of the date of the order. Since the order failed to conform with a statutorily mandated condition precedent to dismissal of the action, the Supreme Court was not authorized to dismiss the action pursuant to CPLR 3216 (see Chrostowski v Chow, 37 AD3d 638, 639 [2007]; Wollman v Berliner, 29 AD3d 786 [2006]; Beepat v James, 303 AD2d 345, 346 [2003]). Although the plaintiff raises this issue for the first time on appeal, it involves a question of law that appears on the face of the rec *672 ord, and could not have been avoided if brought to the attention of the Supreme Court (see Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1024 [2009]; Chrostowski v Chow, 37 AD3d at 639; Beepat v James, 303 AD2d at 346). Accordingly, we reach the issue and determine that the plaintiffs motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the trial calendar, and extend the time to file a note of issue should have been granted. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.