# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1464**

**CA 14-00993**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

JODI HAUSRATH, AS ADMINISTRATRIX OF THE ESTATE
OF ANTOINETTE ADIMEY, DECEASED, AND ANTHONY
ADIMEY, PLAINTIFFS-RESPONDENTS,

V                                                            MEMORANDUM AND ORDER

PHILLIP MORRIS USA INC., ET AL., DEFENDANTS,
LIGGETT GROUP, INC., NOW KNOWN AS BROOKE
GROUP, LTD., AND LIGGETT & MYERS TOBACCO COMPANY,
DEFENDANTS-APPELLANTS.

---

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP, NEW YORK CITY (JULIE R.
FISCHER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered August 13, 2013. The order granted
plaintiffs' motion to restore the case to the court calendar and to
schedule a preliminary conference.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Liggett Group, Inc., now known as Brooke Group,
Ltd., and Liggett & Myers Tobacco Company (defendants) appeal from an
order granting plaintiffs' motion to restore the case to the court
calender and to schedule a preliminary conference. According to
defendants, the action should have been deemed abandoned pursuant to
CPLR 3404 and dismissed for neglect to prosecute. We reject that
contention. As Supreme Court properly determined, CPLR 3404 does not
apply because the case was never marked "off" or struck from the
calendar, nor was it unanswered on a clerk's calendar call. Instead,
the case was mistakenly marked "discontinued" by the clerk's office.
"Thus, the case was not subject to the provisions of CPLR 3404, and
[the court] properly granted the plaintiff[s'] motion and restored the
action to its prior place on the calendar" (*Hernandez v City of New
York*, 290 AD2d 416, 416; *see Berde v North Shore-Long Is. Jewish
Health Sys., Inc.*, 98 AD3d 932, 933; *Baez v Kayantas*, 298 AD2d 416,
416-417; *cf. Amsterdam Leather Bag v New York Prop. Ins. Underwriting
Assn.*, 240 AD2d 272, 272). We note that the court scheduled the
matter for trial *after* the clerk mistakenly marked the action
"discontinued," and there is no indication in the record that

plaintiffs were aware of the clerk's error.  We also note that, although plaintiffs were dilatory in seeking a new trial date after the adjournment of the initially scheduled trial due to the justice's retirement, defendants were not prejudiced by the delay and, indeed, did not move for dismissal of the action for want of prosecution pursuant to CPLR 3216 (a).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court