John T. Walsh Enters., LLC v Grace Christian Church (2025 NY Slip Op 00955)

John T. Walsh Enters., LLC v Grace Christian Church

2025 NY Slip Op 00955

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07006
 (Index No. 10885/10)

[*1]John T. Walsh Enterprises, LLC, appellant,
v
Grace Christian Church, respondent, et al., defendants.

Dorf Nelson & Zauderer LLP, Rye, NY (Jonathan B. Nelson and Venesha White of counsel), for appellant.
Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 2, 2023. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Grace Christian Church.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover on a promissory note against the defendant Grace Christian Church (hereinafter the defendant), among others. The defendant moved to dismiss the complaint insofar as asserted against it. While that motion was pending, in an order dated November 1, 2021, the Supreme Court granted the defendant's counsel's motion to be relieved as counsel for the defendant, stayed the action for a period of 60 days in order to afford the defendant an opportunity to retain new counsel, and stayed the defendant's motion to dismiss the complaint to January 18, 2022. The defendant's motion was later adjourned several more times.
By notice of motion dated December 14, 2022, the plaintiff moved for leave to enter a default judgment against the defendant based on the defendant's failure to appear by counsel on certain adjourned dates of the defendant's motion. Subsequently, new counsel filed a notice of appearance in the action on behalf of the defendant and opposed the plaintiff's motion for leave to enter a default judgment against the defendant. In an order dated May 2, 2023, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment against the defendant. The plaintiff appeals.
Where a defendant fails to appear at a scheduled call of a calendar or at a scheduled conference, 22 NYCRR 202.27(a) authorizes, but does not require, the court to grant judgment by default or order an inquest (see Chrostowski v Chow, 37 AD3d 638, 639). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendant based on the defendant's failure to appear by counsel on certain court dates (see id. at 639-640).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court