■ Daxesh Patel et al., Respondents, v MBG Development, Inc., et al., Appellants. [839 NYS2d 122]—

In an action, inter alia, to recover damages for breach of warranty, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 24, 2007, which granted the plaintiffs' motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate an order of the same court entered March 12, 2003, dismissing the action pursuant to CPLR 3216 if the plaintiffs did not file a note of issue within 10 days, and to restore the action to the pre-note of issue calendar.

Ordered that the order is affirmed, with costs.

A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met (*see Baczkowski v Collins*

*Constr. Co.*, 89 NY2d 499, 503 [1997]; *Akpinar v John Hancock Mut. Life Ins. Co.*, 302 AD2d 337 [2003]; *Murray v Smith Corp.*, 296 AD2d 445, 447 [2002]; *Schwartz v Nathanson*, 261 AD2d 527, 528 [1999]). The trial readiness order entered in this action and dated December 17, 2002, could not be deemed a 90-day demand pursuant to CPLR 3216 because it gave the plaintiffs only 60 days within which to serve and file the note of issue, and did not advise the plaintiffs that their failure to comply with the demand would serve as the basis for a motion to dismiss the action (*see Vasquez v Big Apple Constr. Corp.*, 306 AD2d 465 [2003]; *Beepat v James*, 303 AD2d 345, 346 [2003]; *cf. Murray v Smith Corp., supra*). Furthermore, the subsequent order entered March 12, 2003, which, sua sponte, dismissed the complaint unless the plaintiffs served and filed a note of issue within 10 days, was also insufficient to constitute a 90-day demand, since it did not provide the required 90-day notice and it did not advise the plaintiffs that their failure to comply with the demand would serve as the basis for a motion to dismiss the action (*see Heifetz v Godoy*, 38 AD3d 605 [2007]; *Wollman v Berliner*, 29 AD3d 786 [2006]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522 [2005]). Because these two orders did not meet the statutory preconditions set forth in CPLR 3216, there was a failure of a condition precedent, and the court was not authorized to dismiss the action on its own motion (*see Schwartz v Nathanson, supra* at 527). Accordingly, the plaintiffs' motion to vacate the order entered March 12, 2003, dismissing the action pursuant to CPLR 3216 if they did not file a note of issue within 10 days, and to restore the action to the pre-note of issue calendar, was properly granted. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.