■ PAUL BIBBO et al., Respondents, v KATERINA ARVANITAKIS et al., Appellants, et al., Defendants. [43 NYS3d 432]—

In an action, inter alia, to recover damages for fraud, the defendants Katerina Arvanitakis and Arvanitakis & Associates, PLLC, appeal from so much of an order of the Supreme Court, Queens County (Livote, J.), dated July 10, 2014, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first through fourth and sixth through eighth causes of action insofar as asserted against the defendant Arvanitakis & Associates, PLLC.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs alleged in their complaint that the defendant Katerina Arvanitakis, and several other defendants, including the defendant Arvanitakis & Associates, PLLC (hereinafter the PLLC), defrauded them in several real estate transactions. In an answer, Arvanitakis and the PLLC raised as an affirmative defense that the PLLC was not in existence on the relevant dates. Arvanitakis and the PLLC eventually moved to dismiss the first through fourth and sixth through eighth causes of action in the complaint insofar as asserted against the PLLC on

the ground of a defense established by documentary evidence (*see* CPLR 3211 [a] [1]) and on the ground that the complaint failed to state a cause of action against the PLLC (*see* CPLR 3211 [a] [7]). In support of that branch of their motion which was pursuant to CPLR 3211 (a) (1), Arvanitakis and the PLLC submitted evidence as to the date the PLLC was formed. The Supreme Court denied that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the subject causes of action insofar as asserted against the PLLC, and did not rule on the branch of the motion which was pursuant to CPLR 3211 (a) (7) for that relief. Arvanitakis and the PLLC appeal from so much of the court's order as denied dismissal pursuant to CPLR 3211 (a) (1).

"A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Attias v Costiera*, 120 AD3d 1281, 1282 [2014], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The PLLC's liability in this action is premised upon the doctrine of successor liability and reverse piercing of the corporate veil (*see generally Sweeney, Cohn, Stahl & Vaccaro v Kane*, 6 AD3d 72 [2004]). The evidence submitted by Arvanitakis and the PLLC did not conclusively dispose of the plaintiffs' claims against the PLLC, regardless of whether that evidence qualified as "documentary" under CPLR 3211 (a) (1). Accordingly, the Supreme Court did not err in denying that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the subject causes of action.

Finally, to the extent that Arvanitakis and the PLLC raise arguments on appeal regarding the branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the subject causes of action insofar as asserted against the PLLC, that branch of their motion remains pending and undecided (*see Born To Build, LLC v Saleh*, 139 AD3d 654, 656 [2016]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.