■ MARY RHODEHOUSE, Appellant, v CVS PHARMACY, INC., et al., Respondents. [56 NYS3d 228]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered March 19, 2015, which, sua sponte, directed dismissal of the action pursuant to CPLR 3216.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the defendants' motion for summary judgment dismissing the complaint; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly sustained personal injuries when she slipped and fell on leaves and candy wrappers while walking in the defendants' parking lot. The plaintiff subsequently commenced this action alleging, inter alia, that the defendants negligently permitted a hazardous condition to exist in their parking lot. After the parties conducted certain disclosure, the Supreme Court issued a certification order dated October 9, 2014, directing the plaintiff to file a note of issue within 90 days, and warning that "[i]f plaintiff does not file a note of issue within 90 days this action is deemed dismissed without further order of the Court. (CPLR 3216)." About a month later, on or about November 10, 2014, the defendants moved for summary judgment dismissing the complaint. The plaintiff submitted opposition to the defendants' motion on December 22, 2014, and the defendants submitted a reply on or about January 5, 2015. In an order entered March 19, 2015, the Supreme Court noted that the defendants' summary judgment motion had been fully submitted. Nonetheless, the court did not reach the merits of the defendants' motion and, instead, sua sponte, directed the dismissal of the action pursuant to CPLR 3216 based upon the plaintiff's failure to file the note of issue within 90 days of the certification order. The plaintiff appeals. We reverse.

"A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (*Patel v MBG Dev., Inc.*, 41 AD3d 682, 682 [2007]; *see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]). Effective January 1, 2015, the legislature amended, in several significant respects, the statutory preconditions to dismissal under CPLR 3216. One such

precondition is that where a written demand to resume prosecution of the action and to serve and file a note of issue within 90 days after receipt of such demand is served by the court, as here, "the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216 [b] [3]). Here, the certification order did not set forth any specific conduct constituting neglect by the plaintiff.

Another precondition to dismissal is that where the court, on its own initiative, seeks to dismiss an action pursuant to CPLR 3216, it must first give the parties notice of its intention to do so (see CPLR 3216 [a]). Such notice is meant to provide the parties with an opportunity to be heard prior to the issuance of an order dismissing the action (see John R. Higgit, 2015 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216, 2017 Supp Pamph at 796). Here, the Supreme Court failed to give the parties notice and an opportunity to be heard prior to considering whether to dismiss the action pursuant to CPLR 3216. Since the statutory preconditions to dismissal were not met, the court erred in directing the dismissal of the action pursuant to CPLR 3216.

Although the parties raise arguments regarding the defendants' motion for summary judgment dismissing the complaint, the Supreme Court did not decide that motion, and it remains pending and undecided (see Bibbo v Arvanitakis, 145 AD3d 656, 657 [2016]; Born To Build, LLC v Saleh, 139 AD3d 654, 656 [2016]; Katz v Katz, 68 AD2d 536, 542-543 [1979]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of the defendants' motion for summary judgment. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.