In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 13, 2012, which, sua sponte, directed dismissal of the complaint unless it filed a motion for summary judgment within 60 days, (2) an order of the same court dated November 29, 2012, which, sua sponte, directed dismissal of the complaint based on its failure to file a motion for summary judgment or otherwise proceed within 60 days as required by the order dated September 13, 2012, and (3) an order of the same court dated January 9, 2014, which denied that branch of its motion which was to vacate the order dated November 29, 2012.
 

 Ordered that the appeals from the orders dated September 13, 2012, and November 29, 2012, are dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal, as the appeals have been rendered academic in light of our determination of the appeal from the order dated January 9, 2014; and it is further,
 

 Ordered that the order dated January 9, 2014, is reversed, on the law, and that branch of the plaintiff’s motion which was to vacate the order dated November 29, 2012, is granted; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 In February 2008, the plaintiff US Bank, National Association (hereinafter US Bank), commenced an action to foreclose a mortgage given by the defendant Joseph Mizrahi (hereinafter the defendant). In 2011, US Bank stipulated to accept a late answer from the defendant. In an order dated September 13, 2012 (hereinafter the September order), the Supreme Court, after a status conference, sua sponte, directed US Bank to file a motion for summary judgment within 60 days or face dismissal of the complaint. In an order dated November 29, 2012, the Supreme Court, sua sponte, directed dismissal of the complaint on the ground that the plaintiff failed to file a motion for summary judgment or otherwise proceed within 60 days as required by the September order. Thereafter, US Bank moved, inter alia, to vacate the order dated November 29, 2012. In an order dated January 9, 2014, the Supreme Court denied, as relevant here, that branch of the motion which was to vacate the order dated November 29, 2012.
 

 “A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met” (Patel v MBG Dev., Inc., 41 AD3d 682, 682 [2007]). The September order could not be deemed a 90-day demand pursuant to CPLR 3216 because it gave US Bank only 60 days within which to file a motion for summary judgment (see CPLR 3216 [b] [3]). Since the dismissal order dated November 29, 2012, merely effectuated the September order, which did not meet the statutory preconditions set forth in CPLR 3216, there was a failure of a condition precedent, and the Supreme Court was not authorized to dismiss the action on its own motion (see Patel v MBG Dev., Inc., 41 AD3d at 683). In any event, there was no evidence that the plaintiff intended to abandon the action, that the default was willful, or that the defendants were prejudiced (see Vasquez v New York City Hous. Auth., 51 AD3d 781 [2008]; Atlantic J & S Spiritis Corp. v Noll’s Boat Yard, 290 AD2d 525 [2002]; see also Piszczatowski v Hill, 93 AD3d 707 [2012]).
 

 In light of our determination, the plaintiff’s remaining contention has been rendered academic.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.