Goetz v Public Serv. Truck Renting, Inc. (2018 NY Slip Op 04534)





Goetz v Public Serv. Truck Renting, Inc.


2018 NY Slip Op 04534


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-01696
2016-08575
 (Index No. 5574/14)

[*1]Christopher Goetz, appellant, 
v
Public Service Truck Renting, Inc., respondent.


Burns & Harris, New York, NY (Blake G. Goldfarb and Judith F. Stempler of counsel), for appellant.
Salmon, Ricchezza, Singer & Turchi, LLP, New York, NY (John Michael Dumont and James R. Callan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 14, 2016, and an order of the same court entered June 24, 2016. The order entered January 14, 2016, granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3216. The order entered June 24, 2016, insofar as appealed from, upon, in effect, renewal and reargument, adhered to the original determination.
ORDERED that the order entered January 14, 2016, is reversed, on the law, that branch of the defendant's motion, which was to dismiss the complaint pursuant to CPLR 3216 is denied, the order entered June 24, 2016, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination of that branch of the defendant's motion which was for summary judgment dismissing the complaint; and it is further,
ORDERED that the appeal from the order entered June 24, 2016, is dismissed as academic in light of our determination on the appeal from the order entered January 14, 2016; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiff allegedly sustained personal injuries when the lift gate on a truck he was unloading in the course of his employment malfunctioned, causing his leg to become stuck between the gate and the back of the truck. The plaintiff commenced this action alleging, inter alia, that the defendant owned and/or maintained the truck for his employer, had a duty to maintain the truck and its lift gate in a reasonably safe condition, and failed to do so. The Supreme Court issued a compliance conference order dated December 3, 2014, directing the plaintiff to serve and file a note of issue on or before May 15, 2015, and warning that the failure to do so "shall result in dismissal of the action for unreasonably neglecting to proceed, without further notice." In or about June 2015, the defendant moved to dismiss the complaint pursuant to CPLR 3216 and for summary judgment dismissing the complaint. In an order entered January 14, 2016, the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3216 based upon the plaintiff's failure to serve and file a note of issue by May 15, 2015. In or about February 2016, the plaintiff moved for leave to renew and reargue his opposition to that branch of the [*2]defendant's motion which was to dismiss the complaint pursuant to CPLR 3216. In an order entered June 24, 2016, the court, upon, in effect, renewal and reargument, adhered to the original determination. The plaintiff appeals from both orders.
"A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (Patel v MBG Dev., Inc., 41 AD3d 682, 682; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503). "Effective January 1, 2015, the Legislature amended, in several significant respects, the statutory preconditions to dismissal under CPLR 3216" (Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 772-773). One such precondition is that where a written demand to resume prosecution of the action is made by the court, as here, "the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216[b][3]). Here, the compliance conference order did not set forth any specific conduct constituting neglect by the plaintiff. Accordingly, since one of the statutory preconditions to dismissal was not met, the court should not have directed dismissal of the complaint pursuant to CPLR 3216 (see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773).
Although the parties raise arguments regarding that branch of the defendant's motion which was for summary judgment dismissing the complaint, the Supreme Court did not decide that branch of the motion, and it remains pending and undecided (see Bibbo v Arvanitakis, 145 AD3d 656, 657; Born To Build, LLC v Saleh, 139 AD3d 654, 656; Katz v Katz, 68 AD2d 536, 542-543). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of that branch of the defendant's motion which was for summary judgment dismissing the complaint (see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773).
The parties' contentions concerning the order entered June 24, 2016, determining the plaintiff's motion for leave to renew and reargue, have been rendered academic in light of our determination on the appeal from the order entered January 14, 2016 (see Czarnecki v Corso, 81 AD3d 774, 776; Vancott v Great Atl. & Pac. Tea Co., 271 AD2d 438, 438).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court