Sadowski v W. David Harmon (2019 NY Slip Op 02918)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Sadowski v W. David Harmon

2019 NY Slip Op 02918

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-09347
(Index No. 4441/13)

[*1]Joseph F. Sadowski, appellant, 
vW. David Harmon, respondent.

Joseph F. Sadowski, Philippines, appellant pro se.
The Di Pippo Law Group, LLC, Garden City, NY (Eric D. Mercurio of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, by permission, from an order of the Supreme Court, Nassau County (George R. Peck, J.), dated March 21, 2016. The order, sua sponte, in effect, directed dismissal of the action pursuant to CPLR 3216.
ORDERED that the order is reversed, on the law, with costs.
In March 2013 the defendant's vehicle allegedly struck the plaintiff while he was crossing a street in Hicksville. The plaintiff subsequently commenced this action to recover damages for his injuries. After the plaintiff failed to comply with certain discovery demands, the Supreme Court issued an order dated October 2, 2015, precluding him from introducing certain evidence at trial related to damages. By certification order of the same date, the court directed the plaintiff to file a note of issue within 90 days, and warned that "[i]f plaintiff does not file a note of issue within 90 days this action is deemed dismissed without further order of the Court (CPLR 3216)." Five months later, by order dated March 21, 2016, the court, sua sponte, in effect, directed dismissal of the action, stating that, "in reviewing its duties for efficient calendar control" and upon the court's earlier certification of the case, the plaintiff's failure to file a note of issue warranted dismissal. The plaintiff appeals from the order dated March 21, 2016.
"A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (Patel v MBG Dev., Inc., 41 AD3d 682, 682; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Goetz v Public Serv. Trunk Renting, Inc., 162 AD3d 859, 860; Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 772). "Effective January 1, 2015, the Legislature amended, in several significant respects, the statutory preconditions to dismissal under CPLR 3216" (Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773). One such precondition is that where, as here, a written demand to resume prosecution of the action is made by the court, "the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216[b][3]; see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773). Here, the certification order did not set forth any specific conduct constituting neglect by the plaintiff (see Goetz v Public Serv. Trunk Renting, Inc., 162 AD3d at 861; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773).
Additionally, before issuing an order dismissing the case based on a party's failure to comply with the 90-day demand, the court must give the party notice so that the party has an opportunity to "show a justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]; see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773; John R. Higgit, 2015 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216, 2017 Supp Pamph at 796). Here, the Supreme Court failed to give the parties notice and an opportunity to be heard prior to, in effect, directing dismissal of the action pursuant to CPLR 3216 (see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773).
Since the statutory preconditions to dismissal were not met, the Supreme Court should not have, in effect, directed dismissal of the action pursuant to CPLR 3216 (see Goetz v Public Serv. Trunk Renting, Inc., 162 AD3d at 860; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773).
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court