Citimortgage, Inc. v Ferrari (2019 NY Slip Op 02847)





Citimortgage, Inc. v Ferrari


2019 NY Slip Op 02847


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-11385
 (Index No. 14285/09)

[*1]Citimortgage, Inc., appellant, 
v
Nora C. Ferrari, et al., respondents, et al., defendants.


Akerman, LLP, New York, NY (Jordan M. Smith and Joseph DeFazio of counsel), for appellant.
Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated August 28, 2017. The order, insofar as appealed from, denied the plaintiff's motion to vacate an order of the same court dated November 21, 2012, directing dismissal of the action pursuant to CPLR 3216, and to restore the action to the calendar.
ORDERED that the order dated August 28, 2017, is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion to vacate the order dated November 21, 2012, and to restore the action to the calendar is granted.
In April 2009, the plaintiff commenced this action to foreclose a mortgage given in 2003 by the defendants Nora C. Ferrari and Andre Santelli (hereinafter together the defendants) to secure a note in the principal sum of $1,300,000. On May 5, 2009, the defendants served an answer. Following settlement conferences held pursuant to CPLR 3408, the action was released from the foreclosure settlement conference part without any resolution. In an order dated November 21, 2012 (hereinafter the dismissal order), the Supreme Court directed dismissal of the action on the ground that the plaintiff failed to comply with an oral directive issued at a status conference on July 31, 2012, to resume prosecution of the action. In November 2016, the plaintiff moved to vacate the dismissal order and to restore the action to the calendar. In an order dated August 28, 2017, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
"A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (Patel v MBG Dev., Inc., 41 AD3d 682, 682; see US Bank, N.A. v Mizrahi, 156 AD3d 661, 662; Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 772). Specifically, issue must have been joined, at least one year must have elapsed since joinder of issue, the defendant or the court must have served on the plaintiff a written demand to serve and file a note of issue within 90 days, and the plaintiff must have failed to serve and file a note of issue within the 90-day period (see CPLR 3216[b]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Deutsche Bank Natl. Trust Co. v Augustin, 155 AD3d 823, 824). Here, the Supreme Court was without power to direct dismissal of the action on the ground of failure to prosecute because the [*2]plaintiff was not served with a written demand to serve and file a note of issue within 90 days (see Cadichon v Facelle, 18 NY3d 230, 235-236; BankUnited v Kheyfets, 150 AD3d 948, 949; Krause v Lobacz, 131 AD3d 1128, 1129). Accordingly, the court should have granted the plaintiff's motion to vacate the dismissal order and to restore the action to the calendar (see Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 750; New Century Mtge. Corp. v Davis, 153 AD3d 927, 928; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021).
In light of our determination, we need not reach the parties' remaining contentions.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court