U.S. Bank N.A. v Sansone (2019 NY Slip Op 07807)





U.S. Bank N.A. v Sansone


2019 NY Slip Op 07807


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12615
 (Index No. 15312/09)

[*1]U.S. Bank National Association, etc., appellant,
v
Melchior Sansone, respondent, et al., defendants.


Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for appellant.
Richard Wolfson P.C., Uniondale, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated July 30, 2018. The order denied the plaintiff's motion to vacate an order of the same court dated November 21, 2012, directing dismissal of the action, and, in effect, to restore the action to the active calendar.
ORDERED that the order dated July 30, 2018, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated November 21, 2012, and, in effect, to restore the action to the active calendar is granted.
In April 2009, the plaintiff commenced this action against the defendant Melchior Sansone (hereinafter the defendant), among others, to foreclose a mortgage secured by certain real property located in Suffolk County. In January 2011, following settlement conferences, the action was released from the foreclosure settlement conference part without any resolution. On July 20, 2012, the parties appeared at a compliance conference, at which time the Supreme Court directed the plaintiff to resume the prosecution of this action. By order dated November 21, 2012 (hereinafter the dismissal order), the court directed dismissal of the action upon the plaintiff's failure to resume prosecution of the action. The plaintiff subsequently moved to vacate the dismissal order, and, in effect, to restore the action to the active calendar. By order dated July 30, 2018, the court denied the plaintiff's motion, and the plaintiff appeals.
"A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (Patel v MBG Dev., Inc., 41 AD3d 682, 682; see Cadichon v Facelle, 18 NY3d 230, 235; Citimortgage, Inc. v Ferrari, 171 AD3d 1005, 1006). These conditions include, among others, service of a written demand "requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand" (CPLR 3216[b][3]; see Citimortgage, Inc. v Ferrari, 171 AD3d at 1006). Here, the Supreme Court was without power to direct dismissal of the action on the ground of failure to prosecute because the plaintiff was not served with a written demand to serve and file a note of issue within 90 days (see Citimortgage, Inc. v Ferrari, 171 AD3d at 1006; Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 750).
The defendant's remaining contentions are without merit.
Accordingly, the court should have granted the plaintiff's motion to vacate the dismissal order, and, in effect, to restore the action to the active calendar (see Citimortgage, Inc. v Ferrari, 171 AD3d at 1006-1007; Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d at 750).
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court