Christiano v Heatherwood House at Holbrook II, LLC (2020 NY Slip Op 03891)





Christiano v Heatherwood House at Holbrook II, LLC


2020 NY Slip Op 03891


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-14075
 (Index No. 45067/08)

[*1]Frank W. Christiano, et al., appellants, 
v
Heatherwood House at Holbrook II, LLC, et al., respondents, et al., defendants.


Anthony Michael Camisa, P.C., Mineola, NY (Susan R. Nudelman of counsel), for appellants.
Gartner & Bloom, P.C., New York, NY (Arthur P. Xanthos and Kaela A. Mahon of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated September 18, 2018. The order denied the plaintiffs' motion to restore the action to active status and to extend their time to serve and file a note of issue, and, sua sponte, directed dismissal of the complaint pursuant to CPLR 3216.
ORDERED that on the Court's own motion, the appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion to restore the action to active status and to extend their time to serve and file a note of issue is granted.
On December 18, 2008, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for injury to certain real property located in Suffolk County. After issue was joined, the parties engaged in discovery and settlement discussions. By order dated July 14, 2016, following a compliance conference, inter alia, the plaintiffs were directed to file a note of issue on or before August 4, 2016. After the plaintiffs' untimely note of issue was rejected by the Supreme Court, the plaintiffs moved, by notice of motion dated August 28, 2017, to restore the action to active status and pursuant to CPLR 2004 to extend the time to serve and file a note of issue. By order dated September 18, 2018, the court denied the plaintiffs' motion and, sua sponte, directed dismissal of the complaint pursuant to CPLR 3216.
The compliance conference order dated July 14, 2016, did not constitute a valid 90-day demand pursuant to CPLR 3216 because it directed the plaintiffs to file a note of issue within 21 days, rather than 90 days, of the date of the order (see Guy v Hatsis, 107 AD3d 671; Chrostowski v Chow, 37 AD3d 638, 639; Wollman v Berliner, 29 AD3d 786). Furthermore, the compliance conference order failed to set forth any specific conduct constituting neglect by the plaintiffs in [*2]proceeding with the litigation (see CPLR 3216[b][3]; Sadowski v Harmon, 171 AD3d 1116, 1117; Goetz v Public Serv. Trunk Renting, Inc., 162 AD3d 859, 861; Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 772-773). In addition, the Supreme Court failed to give the parties notice and an opportunity to be heard prior to, sua sponte, directing dismissal of the complaint pursuant to CPLR 3216 (see Sadowski v Harmon, 171 AD3d at 1118; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773).
Since the statutory preconditions to dismissal were not met, the Supreme Court should not have, sua sponte, directed dismissal of the complaint pursuant to CPLR 3216 (see Sadowski v Harmon, 171 AD3d at 1118; Goetz v Public Serv. Trunk Renting, Inc., 162 AD3d at 860; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773).
Contrary to the respondents' contention, this action could not have properly been dismissed pursuant to CPLR 3126, since there was no motion requesting this relief (see Goodman v Lempa, 124 AD3d 581; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 19; Mitskevitch v City of New York, 78 AD3d 1137, 1138).
Accordingly, the plaintiffs' motion to restore the action to active status and to extend the time to serve and file a note of issue should have been granted (see US Bank N.A. v Madero, 154 AD3d 795; WM Specialty Mtge., LLC v Palazzollo, 145 AD3d 714, 715; Tolmasova v Umarova, 90 AD3d 1028, 1029; Gladman v Messuri, 71 AD3d 827, 828).
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court