Wells Fargo Bank, N.A. v Brown (2020 NY Slip Op 06576)





Wells Fargo Bank, N.A. v Brown


2020 NY Slip Op 06576


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-01076
 (Index No. 11828/07)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Michele Brown, etc., et al., respondents, et al., defendants.


Leopold & Associates, PLLC, Armonk, NY (Denise L. Morelli of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 5, 2018. The order, inter alia, in effect, denied the plaintiff's motion to vacate an order of the same court dated January 17, 2018, conditionally dismissing the complaint pursuant to CPLR 3216, to restore the action to the active calendar, and to reinstate a notice of pendency, and denied, as academic, the plaintiff's two separate motions to appoint a new referee.
ORDERED that the order dated December 5, 2018, is reversed, on the law, with costs, the plaintiff's motion to vacate the order dated January 17, 2018, to restore the action to the active calendar, and to reinstate a notice of pendency is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's two separate motions to appoint a new referee.
In this mortgage foreclosure action, the Supreme Court, sua sponte, issued a conditional order of dismissal dated January 17, 2018 (hereinafter the January 2018 order), indicating that "more than one year has elapsed since the joinder of issue and [the] plaintiff has unreasonably neglected to prosecute this action." In the same order, the court indicated that it was directing dismissal of the complaint pursuant to CPLR 3216, "unless [the] plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." The plaintiff failed to comply with the January 2018 order; instead, in April and June 2018, the plaintiff filed successive motions for the appointment of a new referee and, in May 2018, moved, inter alia, to vacate the January 2018 order. In an order dated December 5, 2018, the court, in effect, denied the three motions. The plaintiff appeals.
A court may not dismiss a complaint for want of prosecution pursuant to CPLR 3216 on its own initiative unless certain conditions precedent have been complied with, including the requirement that "where a written demand to resume prosecution of the action is made by the court . . . 'the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation'" (Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 861, quoting CPLR 3216[b][3]; see Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 773).
Here, the Supreme Court should have granted the plaintiff's motion, among other [*2]things, to vacate the January 2018 order, as that order failed to set forth the specific conduct constituting neglect by the plaintiff (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d at 861; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773).
As the Supreme Court did not consider the merits of the plaintiff's motions to appoint a new referee, we remit the matter to the Supreme Court, Kings County, for a determination of those motions on the merits (see Chase Home Fin., LLC v Plaut, 171 AD3d 692, 694-695).
LEVENTHAL, J.P., MILLER, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court