Designer Limousine, Inc. v Authority Transp., Inc. (2023 NY Slip Op 03767)

Designer Limousine, Inc. v Authority Transp., Inc.

2023 NY Slip Op 03767

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06304
 (Index No. 2092/16)

[*1]Designer Limousine, Inc., et al., appellants, 
v
Authority Transportation, Inc., etc., et al., defendants, Sedgwick Claims Management Services, Inc., respondent.

Capetola & Divins, P.C., Williston Park, NY (Robert P. Johnson of counsel), for appellants.
Winget, Spadafora & Schwartzberg, LLP, New York, NY (Matthew Tracy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered April 28, 2020. The order, insofar as appealed from, denied the plaintiffs' motion to vacate an order of the same court dated September 10, 2019, inter alia, sua sponte, directing dismissal of the complaint, and to restore the action to the active calendar.
ORDERED that the order entered April 28, 2020, is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiffs' motion to vacate the order dated September 10, 2019, and to restore the action to the active calendar is granted.
In March 2016, the plaintiffs commenced this action against, among others, the defendants Sedgwick Claims Management Services, Inc. (hereinafter Sedgwick), and Michael Cassano, inter alia, to recover damages for fraud. In an order dated March 19, 2019 (hereinafter the certification order), the Supreme Court certified the action as ready for trial and specified that if the plaintiffs did not file a note of issue within 90 days, the complaint may be dismissed. On June 13, 2019, Cassano filed a motion for a protective order staying the filing of the note of issue. On July 15, 2019, the plaintiffs filed a motion to compel Sedgwick to comply with discovery demands. In an order dated July 17, 2019, the court noted that the plaintiffs had failed to file a note of issue within 90 days of the certification order and conditionally directed dismissal of the complaint unless the plaintiffs filed a note of issue within 20 days. In an order dated August 15, 2019, the court, inter alia, denied Cassano's motion for a protective order and directed the plaintiffs to file a note of issue on or before September 3, 2019.
Although the Supreme Court directed the plaintiffs to file a note of issue on or before September 3, 2019, the plaintiffs did not file a note of issue until September 5, 2019. In an order dated September 10, 2019, the court denied the plaintiffs' motion to compel discovery as academic and, sua sponte, directed dismissal of the complaint, without prejudice, pursuant to CPLR 3216(a).
On January 31, 2020, the plaintiffs moved to vacate the order dated September 10, [*2]2019, and to restore the action to the active calendar. In an affirmation of counsel submitted in support of the motion, the plaintiffs argued, inter alia, that they had a justifiable excuse for the default because they had not been served with a copy of the order dated August 15, 2019, with notice of its entry. The plaintiffs also submitted an affidavit of merit from the plaintiff Kenneth Caldwell, adopting the allegations in the complaint and delineating the requested damages. In an order entered April 28, 2020, the Supreme Court, inter alia, denied the plaintiffs' motion, and the plaintiffs appeal.
The procedural device of dismissing a complaint for failure to prosecute is a legislative creation, not a part of a court's inherent power (see Airmont Homes v Town of Ramapo, 69 NY2d 901, 902), and, therefore, "[a] court may not dismiss [a complaint] based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (Patel v MBG Dev., Inc., 41 AD3d 682, 682; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Element E, LLC v Allyson Enters., Inc., 167 AD3d 981).
"Effective January 1, 2015, the legislature amended, in several significant respects, the statutory preconditions to dismissal under CPLR 3216" (Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 772). One such precondition is that where a written demand to resume prosecution of the action is made by the court, as here, "the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216[b][3]; see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 772-773). Here, the certification order is not included in the record, and, accordingly, this Court cannot make a determination as to whether that order set forth the information required by the statute.
However, another precondition to dismissal is that where the court, on its own initiative, seeks to dismiss a complaint pursuant to CPLR 3216, it must first give the parties notice of its intention to do so (see id. § 3216[a]; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773). Such notice is meant to provide the parties with an opportunity to be heard prior to the issuance of an order directing dismissal of the complaint (see Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773). Here, the Supreme Court failed to give the parties notice and an opportunity to be heard prior to considering whether to dismiss the complaint pursuant to CPLR 3216. Even assuming that the order dated July 17, 2019, or the order dated August 15, 2019, could be deemed to satisfy the notice requirement of CPLR 3216(a), if the orders had been served, the plaintiffs denied having received them prior to the dismissal, and there is no proof in the record that either of those orders was served upon the plaintiffs. Since at least one of the statutory preconditions to dismissal was not met, the court erred in directing dismissal of the complaint pursuant to CPLR 3216 (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 861; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773)
Accordingly, the Supreme Court should have granted the plaintiffs' motion to vacate the order dated September 10, 2019, and to restore the action to the active calendar.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court